MOORE, Chief Justice.
DaimlerChrysler Motors Corporation (“DaimlerChrysler”) and Thomas Acheson each appeal from a trial court’s order awarding attorney fees to the plaintiff, Susan Schein Chrysler, Plymouth, Dodge, Inc. (“Schein”), under § 8-20-11, Ala.Code 1975, a part of the Motor Vehicle Franchise Act, § 8-20-1 et seq., Ala.Code 1975 (“the Act”). The appeals were consolidated.
In October 2000, DaimlerChrysler gave written notice to Schein, “pursuant to Alabama Code § 8-20-4,” informing Schein of its intent to establish a Dodge automobile dealership in Hoover, Alabama; Acheson was the franchisee. Schein objected to this proposal because the new dealership would have been within Schein’s “relevant market area,” as that term is defined in § 8-20-8. Schein sued DaimlerChrysler and Acheson “under the provisions of The Motor Vehicle Franchise Act, Alabama Code, Section 8-20-1 through 8-20-12,” on December 4, 2000, alleging unfair and deceptive trade practice in violation of § 8-20-4(3)i., Ala.Code 1975. Schein sought preliminary and permanent injunctions enjoining DaimlerChrysler “from appointing an additional dealer or awarding an additional franchise as hereinabove stated” and enjoining Acheson from opening the proposed Hoover dealership. Schein also requested attorney fees and costs pursuant to § 8-20-11.
On December 8, 2000, Acheson filed a motion to dismiss. After more than a year, during which substantial discovery was conducted, DaimlerChrysler withdrew its notice of intent to establish an automobile dealership with Acheson as the franchisee, because Acheson had lost his option on the property on which DaimlerChrysler had intended to establish the franchise. Accordingly, on January 9, 2002, Daimler-Chrysler filed a motion to dismiss “for lack of justiciable controversy.”
On January 22, 2002, the trial court dismissed all claims “with exceptions of claims for attorney fees,” and set a hearing for March 15, 2002, on those claims. The trial court gave no express reason for dismissing the other claims. After the hearing, the trial court, on March 18, 2002, entered an order, holding as follows:
“The Court finds that the Plaintiff has made excellent arguments for granting of attorney fees against both Defendants. The Court finds the Plaintiff would be entitled to a reasonable attor *927 ney fee under § 8-20-11 of Alabama Code of 1975 together with the costs of the suit. As such the Court is setting the fees of the Plaintiffs attorneys at $60,973.25 plus costs $11,828.41 against DaimlerChrysler Motors Corporation and Thomas Acheson.”
The trial court made no findings of fact or liability under the Act.
Section 8-20-11, Ala.Code 1975, provides as follows:
“Notwithstanding the terms, provisions, or conditions of any dealer agreement or franchise or the terms or provisions of any waiver, and notwithstanding any other legal remedies available, any person who is injured in his business or property by a violation of this chapter by the commission of any unfair and deceptive trade practices, or because he refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of this chapter, may bring a civil action in a court of competent jurisdiction in this state to enjoin further violations, to recover the damages sustained by him together with the costs of the suit, including a reasonable attorney’s fee.”
(Emphasis added.) Schein alleged in its complaint that “[t]he appointment of an additional dealer or the awarding of an additional franchise will cause permanent and irreparable damage to Schein. Said damage is imminent if the additional dealer is appointed or the additional franchise is awarded as proposed.” Thus, Schein sought injunctive relief to prevent alleged future harm to it caused by the presence of another franchise in its relevant market area.
The harm for which Schein sought relief, however, never materialized. Daimler-Chrysler withdrew its letter of intent and represented to the trial court that it “no longer seeks to establish a Dodge dealership on the noticed property,” the property on which Acheson’s option had lapsed. According to Schein’s complaint, its alleged injury was conditioned upon “[t]he appointment of an additional dealer or the awarding of an additional franchise.” Because DaimlerChrysler withdrew its letter of intent and never appointed an additional dealer or awarded an additional franchise, the alleged harm, or any imminence of harm, was removed. “ ‘This Court, in addressing a variety of causes of action, has consistently held that if the plaintiff has suffered no harm, loss, injury, or damage, then the plaintiff has no claim to be adjudicated.’ ” Baldwin County v. Palmtree Penthouses, Ltd., 831 So.2d 603, 605 (Ala.2002), quoting Williamson v. Indianapolis Life Ins. Co., 741 So.2d 1057, 1060-61 (Ala.1999). The withdrawal of the letter of intent removed the controversy, rendering the matter nonjusticiable and moot.
The trial court, however, dismissed all claims but the claim for attorney fees, and awarded Schein attorney fees and costs purportedly on the authority of § 8-20-11. But § 8-20-11 permits relief under that section only to “any person who is injured in his business or property by a violation of this chapter.” In this case, the only injury was a future injury that never materialized. Thus, § 8-20-11 did not permit the award of attorney fees, or any other relief permitted thereunder, in this case.
Accordingly, the trial court’s order awarding attorney fees to Schein is reversed and the cause remanded for the trial court to dismiss Schein’s claims in their entirety.
REVERSED AND REMANDED.
HOUSTON, J., concurs.
LYONS, JOHNSTONE, and WOODALL, JJ., concur in the result.